IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARRITA TRUJILLO**,<br><br>        Plaintiff,<br><br>        v.<br><br>**CAROLYN W. COLVIN**,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 3:13-cv-0620-SI<br><br>**OPINION AND ORDER** |

Merrill Schneider, SCHNEIDER, KERR & GIBNEY LAW OFFICES, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff(s).

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, U.S. Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Kathryn A. Miller, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Marrita Trujillo seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB"). For the following reasons, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff protectively filed an application for DIB on November 8, 2010, alleging disability beginning on December 5, 2008. AR 18. Plaintiff was born on May 28, 1962; she was 46 on the alleged disability onset date and is presently 51 years old. AR 27.

PAGE 2 – OPINION AND ORDER

Plaintiff's date last insured is December 31, 2013; thus she must establish disability on or before that date. AR 18. The Commissioner denied Plaintiff's application initially and upon reconsideration; thereafter, she requested a hearing before an Administrative Law Judge ("ALJ"). AR 18. After an administrative hearing held on July 16, 2012, the ALJ ruled that Plaintiff is not disabled. AR 11-18. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of that decision.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities.

PAGE 3 – OPINION AND ORDER

        20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

        The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional

PAGE 4 – OPINION AND ORDER

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ applied the sequential analysis in his November 1, 2011 decision. AR 25-35. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since her alleged disability onset date. AR 20. At step two, the ALJ determined that Plaintiff has the following severe impairments: (1) degenerative disc disease; (2) depression; (3) anxiety; (4) diabetes mellitus; (5) sciatica; and (6) left hip bursitis. AR 20. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments. AR 21-22.

The ALJ next assessed Plaintiff's RFC. AR 22-27. The ALJ found that Plaintiff has an RFC to perform less than the full range of light work with the following limitations:

> She can frequently climb ladders, ropes and scaffolds; she can occasionally stoop, crouch, and crawl; she should avoid concentrated exposure to moving mechanical parts and unprotected heights; she is limited to frequent handling, fingering, and feeling with the right hand; she is limited to performing simple, routine, repetitive tasks with 1-2 step instructions; she needs to change position from sitting to standing on demand and at will approximately every 30 minutes but she will remain in her designated work space.

AR 22. In determining the RFC, the ALJ considered Plaintiff's medical records, course of treatment, and activities of daily living. AR 22-27. The ALJ found Plaintiff's testimony

PAGE 5 – OPINION AND ORDER

regarding her impairments not to be credible to the extent Plaintiff's testimony was inconsistent with the RFC assessed by the ALJ. AR 23.

At step four, the ALJ found that Plaintiff's RFC precluded her from performing her past relevant work. AR 27. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and found that based on Plaintiff's age, education, work experience, and RFC, she could perform the requirements of representative occupations such as office helper, storage facility rental clerk, and cashier 2. AR 28. The ALJ relied on the VE's testimony that these occupations have jobs available in significant numbers in the national economy. *Id.* Thus, the ALJ found Plaintiff not disabled as defined in the Social Security Act. *Id.*

## DISCUSSION

Each job description in the *Dictionary of Occupational Titles* ("DOT") includes a "definitional trailer" that uses a numerical system to identify the abilities a person needs in order to perform the given job. *See* DOT App'x C, *available at* 1991 WL 688702. The definitional trailer for each job includes a "Scale of General Education Development (GED) Reasoning Development" level, which includes six levels that identify how much reasoning ability is required for a particular job. *See id.*

Plaintiff's sole argument is that the ALJ erred by finding at step five that Plaintiff could perform the occupations stated by the VE because those occupations require Reasoning Level 2, and Plaintiff's RFC limits her to "performing simple, routine, repetitive tasks with 1-2 step instructions," which Plaintiff argues corresponds only with Reasoning Level 1. AR 22. Thus, Plaintiff argues, the occupations the ALJ found that Plaintiff could perform were inconsistent with the "1-2 step instructions" limitation. The Commissioner concedes that each of the representative occupations requires Reasoning Level 2, but argues that Plaintiff's RFC does not require an occupation appropriate for a person with Reasoning Level 1.

PAGE 6 – OPINION AND ORDER

The occupational evidence provided by a VE should be consistent with the occupational information supplied by the DOT. Soc. Sec. Ruling (SSR) 00-4p, *available at* 2000 WL 1898704. An ALJ may not rely on testimony by the VE without inquiring whether the testimony conflicts with the DOT, and if there is a conflict, the ALJ must elicit a reasonable explanation for any conflict. *Id.*; *see also Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). The ALJ may rely on VE testimony over the DOT if the ALJ determines that the explanation provided by the VE is reasonable and provides a basis for doing so. SSR 00-4p; *Massachi*, 486 F.3d at 1153.

Here, the ALJ asked the VE whether her testimony was consistent with the DOT, and the VE replied that her testimony was not inconsistent. AR 70. In his opinion, the ALJ found that there was no conflict and that Plaintiff could perform the representative occupations. AR 28. For the reasons discussed below, the Court finds that the ALJ's conclusion is not supported by substantial evidence in the record.

Reasoning Level 2 requires that one "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT App'x C. In contrast, Reasoning Level 1 requires that one "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.*

The wording used to describe DOT reasoning levels does not necessarily correspond directly to the functional limitations defined by Social Security Administration regulations. *See Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983-84 (C.D. Cal. 2005) (noting that there is not a "neat one-to-one parallel" between the two). Without specific guidance from the United States Supreme Court or the United States Court of Appeals for the Ninth Circuit on this issue, district

PAGE 7 – OPINION AND ORDER

courts in the Ninth Circuit have attempted to harmonize or distinguish various RFC limitations with the DOT reasoning levels. There appears to be consensus, including in an unpublished opinion by the Ninth Circuit, that a restriction to simple, repetitive tasks is not inconsistent with a job requiring Reasoning Level 2. *See, e.g.*, *Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. Nov. 19, 2008) (finding that "someone able to perform simple, repetitive tasks is capable of doing work requiring more rigor and sophistication—in other words, Reasoning Level 2 jobs"); *Maxwell v. Comm'r Soc. Sec. Admin.*, 2013 WL 4087558, at *19 (D. Or. Aug. 12, 2013) (finding limitations to "simple, routine instructions and procedures," and "simple, routine tasks" not inconsistent with Reasoning Level 2); *Patton v. Astrue*, 2013 WL 705909, at *1 (D. Or. Feb. 25, 2013) (same); *Harrington v. Astrue*, 2009 WL 102689, at *2 (S.D. Cal. Jan. 14, 2009) (finding that simple, repetitive work is consistent with the definition of Reasoning Level 2); *Meissl*, 403 F. Supp. 2d at 985 (finding that an RFC requiring simple, repetitive tasks is consistent with Reasoning Level 2 occupations); *but see Pope v. Astrue*, 2011 WL 3584802, at *17 (D. Or. May 20, 2011) (finding that the ability to understand and remember simple instructions and carry out simple routine tasks is in conflict with Reasoning Level 2).

      The limitation to "1-2 step instructions" in Plaintiff's RFC, however, is distinct from the more general limitation to "simple," "routine," or "repetitive" tasks. There is no controlling authority on whether this more specific language is consistent with Reasoning Level 2, and courts have reached inconsistent conclusions. Some courts have found this to be similar to the "simple, repetitive" limitation and thus consistent with Reasoning Level 2. *See, e.g.*, *Murray v. Colvin*, 2014 WL 1396408, at *10 (N.D. Cal. Apr. 10, 2014); *Eckard v. Astrue*, 2012 WL 669895, at *7–8 (E.D. Cal. Feb. 29, 2012). The weight of authority, however, finds that the addition of the specific wording relating to "one- or two-step instructions" is more restrictive and

PAGE 8 – OPINION AND ORDER

correlates precisely with the phrasing used in the DOT's definition of Reasoning Level 1, thereby rendering an RFC using this specific language compatible only with Reasoning Level 1 jobs. *See Chase v. Colvin*, 2013 WL 5567082, at *4-5 (D. Or. Oct. 9, 2013); *Skeens v. Astrue*, 903 F. Supp. 2d 1200, 1208-10 (W.D. Wash. 2012); *Pouria v. Astrue*, 2012 WL 1977278, at *1-3 (C.D. Cal. Jun. 1, 2012); *Whitlock v. Astrue*, 2011 WL 3793347, at *4-5 (D. Or. Aug. 24, 2011); *Grigsby v. Astrue*, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010); *see also Boltinhouse v. Astrue*, 2011 WL 4387142, at *2 (C.D. Cal. Sept. 21, 2011) ("The weight of authority favors Plaintiff's position that a limitation on one- and two-part instructions is commensurate with Reasoning Level 1.").

The Court finds persuasive the reasoning of the cases holding that an RFC limitation that specifically requires "one- or two-step instructions" is inconsistent with Reasoning Level 2. It is the restriction to jobs requiring only one- or two-step instructions that primarily distinguishes Reasoning Level 1 from Reasoning Level 2. *See Grigsby*, 2010 WL 309013, at *2. Including this phrasing in an RFC is "a nearly verbatim recital" of the DOT definition of Reasoning Level 1. *Whitlock*, 2011 WL 3793347, at *5; *see also Chase*, 2013 WL 5567082, at *5 ("Additionally, the correlation here could not be more exact: Level One Reasoning requires the ability to 'carry out simple one- or two-step instructions' and the ALJ's limitation in this case precisely tracks this language by stating that Plaintiff could 'carry out only simple 1-to-2 step instructions.'"). Here, the ALJ included the additional restriction that Plaintiff could only perform "simple, routine, repetitive tasks *with 1-2 step instructions*," thereby limiting Plaintiff to jobs requiring Reasoning Level 1. AR 22 (emphasis added).[1]

---

[1] The Commissioner also argues that the reasoning levels do not reflect the actual abilities to perform a job and are not intended as a job description or requirement. The Court agrees with

PAGE 9 – OPINION AND ORDER

Because the ALJ did not obtain a reasonable explanation by the VE regarding the conflict between the representative occupations and Plaintiff's limitations, explain why the ALJ relied on the VE rather than the DOT, and specifically consider whether Plaintiff has the ability to carry out detailed (but uninvolved) instructions, as is required in Reasoning Level 2, the ALJ's determination that Plaintiff could perform the representative occupations is not supported by substantial evidence in the record. Because there is an unexplained conflict between the VE's testimony and the DOT, remand is necessary.

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff is not disabled and REMANDS this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 27th day of May 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

and adopts the reasoning of the Honorable Marco A. Hernandez in *Chase* and rejects this argument. 2013 WL 5567082, at *4-5.

PAGE 10 – OPINION AND ORDER