IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARRITA TRUJILLO**, | Case No. 3:13-cv-0620-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On May 27, 2014, this Court reversed the decision of the Commissioner of the Social Security Administration ("Commissioner") denying the application of Plaintiff Marrita Trujillo for Disability Insurance Benefits and remanded for further proceedings. Dkt. 20. Plaintiff now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq.* Dkt. 22. The Commissioner contests Plaintiff's motion and argues that the Commissioner's position was substantially justified. Dkt. 24. For the reasons discussed below,

PAGE 1 – OPINION AND ORDER

the Court finds that the government's position was substantially justified and denies Plaintiff's motion for fees under the EAJA.

## STANDARDS

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569; *see also Al-Harbi v. INS,* 284 F.3d 1080, 1084 (9th Cir. 2002) ("'Substantial justification' in this context means 'justification to a degree that could satisfy a reasonable person.'") (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70; *see also Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (noting that "'substantial justification is equated with reasonableness. . . . The government's position is substantially justified if it has a

PAGE 2 – OPINION AND ORDER

reasonable basis in law and fact.'" (quoting *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir. 1988) (alteration in original))). The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See, e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A court's finding that an agency decision was unsupported by substantial evidence is, however, "a strong indication" that the position of the United States in the litigation was not substantially justified. *Thangaraja*, 428 F.3d at 874. "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id.* (quoting *Al-Harbi*, 284 F.3d at 1085).

Under the EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (fees requested under the EAJA must be reasonable); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases).

One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the *Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136-37 (9th Cir. 2012).

## DISCUSSION

The Commissioner contends that her position was substantially justified because both the original agency action by the Administrative Law Judge ("ALJ") and the litigation position of the Commissioner had a reasonable basis in law and fact in concluding that a residual functional capacity ("RFC") that includes a restriction to "1-2 step instructions" is compatible with jobs requiring DOT reasoning level two. The Court agrees.

The wording used to describe DOT reasoning levels does not necessarily correspond directly to the functional limitations defined by Social Security Administration regulations and there is no specific guidance from the United States Supreme Court or the United States Court of Appeals for the Ninth Circuit on this issue. As the Court noted in its Opinion and Order remanding this case, district courts in the Ninth Circuit have attempted to harmonize or distinguish various RFC limitations with the DOT reasoning levels and there have been some cases finding that a functional limitation to one- or two-step instructions is consistent with jobs requiring DOT reasoning level two. The Court found persuasive, however, the weight of the authority, which finds "that the addition of the specific wording relating to 'one- or two-step instructions' is more restrictive and correlates precisely with the phrasing used in the DOT's definition of Reasoning Level 1, thereby rendering an RFC using this specific language compatible only with Reasoning Level 1 jobs." Dkt. 20 at 9.

PAGE 4 – OPINION AND ORDER

The clarity of the governing law is an important factor for courts to consider when determining whether the government's position was substantially justified. *See Kali v. Bowen*, 854 F.2d 329, 330-31 (9th Cir. 1988) ("If the question of law is unresolved and of unclear resolution, then the government's litigation of the issue is reasonable and substantially justified."); *Minor v. United States*, 797 F.2d 738, 739 (9th Cir. 1986) (finding substantial justification where "the issues presented by the government were not subject to resolution by clear, controlling precedent"); *see also Cherry v. Barnhart*, 125 Fed. App'x 913, 916 (10th Cir. 2005) ("When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified'" quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). Here, at the time of the original agency action and during the Commissioner's defense of this action, whether an RFC limitation to one- to two-step instructions is compatible with jobs requiring DOT reasoning level two was not subject to clear, controlling precedent. The Ninth Circuit has not yet resolved this question and district courts within the Ninth Circuit have reached different conclusions. Thus, the Court finds that the government's position was substantially justified. *See Ayala v. Colvin*, 2013 WL 2120986, at *3 (C.D. Cal. May 14, 2013) (finding the government's position substantially justified when the ALJ found that the claimant could perform jobs with DOT reasoning level three despite a functional restriction to "simple, repetitive tasks" because the Ninth Circuit had not yet resolved the question, other Circuit courts had split on the question, and district courts within the Ninth Circuit had split on the question; thus there was no clear, controlling law); *see also Martinez*, 815 F.2d at 1383 (finding, in part, that the government's position was substantially justified where the state of the law was "subject to varying interpretations by district courts within our circuit").

PAGE 5 – OPINION AND ORDER

## CONCLUSION

The Court finds that the government's position was substantially justified and Plaintiff's application for attorney's fees (Dkt. 22) is, therefore, DENIED.

**IT IS SO ORDERED**.

DATED this 23rd day of September, 2014.

/s/ Michael H. Simon<br>
Michael H. Simon<br>
United States District Judge